# United States District Court
# for the
# Eastern District of Tennessee

U.S.A. vs. Tiffany Rochelle Cross                        Docket No. 2:19-CR-00096-006

**Amended Petition for Action on Conditions of Pretrial Release**

    COMES NOW Katie Adams, United States Probation Officer, presenting an official report upon the conduct of the defendant, Tiffany Rochelle Cross, who was placed under bond supervision by the Honorable Clifton L. Corker, United States Magistrate Judge, sitting in the Court at Eastern District of Tennessee on July 23, 2019, under the following conditions:

The defendant was released on a $20,000 unsecured bond.

(1)     The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)     The defendant shall not change their address and/or telephone number without prior approval of the United States Probation Office.

(3)     The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(4)     The defendant promises to appear at all proceedings as required and to surrender for service any sentence imposed.

(5)     The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $20,000 dollars in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

(7a)     The defendant shall maintain or actively seek employment.

7(c)     The defendant shall abide by the following restrictions on his personal associations, place of abode, or travel: Travel is restricted to the Eastern District of Tennessee, without prior approval of the probation officer.

7(e)     The defendant shall report on a regular basis to the following agency: to U.S. Probation Office as directed. The defendant shall cooperate fully with all pretrial service officers or their designees, and shall refrain from verbal or physical abuse of any pretrial service officer or other official in the performance of his/her duties.

7(g)     The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

7(h)  The defendant shall refrain from excessive use of alcohol, and from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

7(o)  The defendant shall obtain no new passport.

7(p)  The defendant shall submit to any method of testing as directed by U.S. Pretrial Services to determine if defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

7(q)  The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer.

7(t)  The defendant shall report any contact with law enforcement personnel, including but not limited to, any arrest, questioning, or traffic stop, to the Pretrial Services Officer as soon as possible.

7(v)  The defendant shall have no contact with convicted felons, drug dealers, drug users, co-defendants, or any person who violates the law, or witnesses in the case.

**Respectfully presenting Petition for Action of Court and for cause as follows:**

On July 23, 2019, Tiffany Cross was released on pretrial supervision with the conditions noted above.

On July 30, 2019, the defendant submitted a drug screen, which was presumptively positive for buprenorphine and oxycodone.

On August 5, 2019, Ms. Cross submitted to a drug screen, which was presumptively positive for oxycodone and methamphetamine. She had a valid prescription for oxycodone and admitted to last using methamphetamine on August 1, 2019. The defendant entered Comprehensive Community Services' inpatient treatment program on August 7, 2019. She was discharged from the program on August 28, 2019, due to her insurance refusing to pay for further inpatient services. Upon her discharge, the defendant was set up with individual counseling at Watauga Behavioral Health in Johnson City, Tennessee.

On January 23, 2020, defendant Cross was cited in Kingsport, Tennessee, for a Light Law violation and Driving on a Revoked License. The next court date for that case is scheduled for August 7, 2020, in Sullivan County General Sessions Court.

The defendant failed to appear for her Code-A-Phone drug screen on February 25, 2020.

In April of 2020, this officer contacted the defendant to inquire about her well-being. She advised she was doing "pretty good" and was just stressed about the pandemic. This officer asked Ms. Cross when she had last spoken with her counselor, to which she responded she had last spoken with her counselor approximately two weeks prior. On April 30, 2020, the defendant called this officer to advise that her and her boyfriend's, co-defendant John Hyatt, home had burnt down in a fire on April 29, 2020. During the phone call, this officer inquired about when her next counseling appointment was scheduled for, to which defendant Cross reported she missed her counseling appointment that had been scheduled the day her home burnt down. This officer instructed the defendant to call and get a new appointment with her counselor. On May 22, 2020, the defendant informed this officer she missed her counseling appointment that was scheduled on May 18, 2020. She was instructed to call Watauga Behavioral Health and obtain a new appointment.

Defendant Cross moved without permission on May 20, 2020. This officer was not advised of the defendant's change in address until the following day on May 21, 2020.

On May 28, 2020, this officer called Watauga Behavioral Health and was informed the defendant had missed counseling appointments on February 5 and 17, 2020, as well as March 27, 2020. Furthermore, this officer was advised that both the defendant's counselor as well as the case manager had attempted to call Ms. Cross five to six times since March 27, 2020; however, the defendant did not answer, nor did she return their calls. According to the receptionist, the defendant was scheduled for an intake appointment on June 2, 2020.

Defendant Cross failed to appear for her Code-A-Phone drug screen on June 22, 2020.

On June 30, 2020, the defendant submitted to a drug screen, which was presumptively positive for benzodiazepine and buprenorphine. She advised the vendor she has a prescription for buprenorphine but denied the use of benzodiazepines, so it was sent to the lab for confirmation. She did not take her prescription for buprenorphine with her to the vendor, so they told her she needed to go get it and bring it back for verification. She provided a prescription bottle for 70-count buprenorphine filled on June 19, 2020, written by Dr. Travis Davis, and the prescription was filled at Walgreens in Simpsonville, South Carolina. This officer was unaware of her new prescription. Moreover, Ms. Cross did not have permission to travel outside of the Eastern District of Tennessee.

This officer called Ms. Cross the evening of June 30, 2020, to discuss her drug screen results, as well as the prescription and why it was filled in South Carolina. During the call, the defendant admitted she traveled to South Carolina on June 19, 2020, without permission. She advised that while at the doctor's office, she failed a drug screen for Xanax, Gabapentin, Amphetamine, Ecstasy, and Suboxone. Defendant Cross reported she has used methamphetamine twice. This officer asked her about the drug screen she took at the vendor and why it was positive for benzodiazepine, to which she reported she has been using Klonopin and Xanax without a prescription.

Defendant Cross failed to call the United States Probation Office for monthly check-in on the following months: October 2019, February 2020, March 2020, and May 2020.

**This officer has not had any contact with the defendant since June 30, 2020.**

**On July 21, 2020, a violation of probation warrant was issued in Sullivan County Criminal Case Number S71970.**

**On August 7, 2020, a failure to appear capias was issued in Sullivan County General Sessions Case Number 2020-RK-63014.**

**On Friday, October 3, 2020, Sullivan County Sheriff's Officers along with the United States Marshals Service went to 1190 N. Austin Springs Road, Piney Flats, Tennessee, to arrest the defendant. During the course of the fugitive investigation by the United States Marshals Service, it was determined the defendant was residing at the aforementioned residence with known methamphetamine dealer Joshua Carr. Moreover, the investigation revealed defendant Cross as being heavily involved with the methamphetamine circle in the Sullivan County area.**

**According to the United States Marshals Service, Joshua Carr was running interference for the defendant until he realized law enforcement officers were entering the residence. Once law enforcement officers were inside the residence, defendant Cross did not surrender herself after officers announced themselves and instructed her to produce herself. Ultimately, she was located in the basement of the home between the wall framing, attempting to further conceal herself underneath insulation. Once located, the defendant did not comply with officers' commands, and she had to be tased in order to be taken into custody. Moreover, it was noted the defendant was belligerent towards Sullivan County Sheriff's Officers.**

**Following her apprehension, defendant Cross was charged with Resist Stop, Arrest, Search (No Weapon), Case Number S73728, by the Sullivan County Sheriff's Office. Additionally, she was served with the aforementioned violation of probation warrant and failure to appear capias.**

On February 7, 2020; May 29, 2020; July 1, 2020; and December 2, 2020, the probation office contacted Assistant United States Attorney Tom McCauley regarding Ms. Cross' noncompliant behavior. Based upon the above information, it would appear defendant Cross is in violation of her pretrial release conditions 1, 2, 7(c), 7(e), 7(h), 7(p), 7(q), and 7(v).

### PRAYING THAT THE COURT WILL ORDER

A hearing be scheduled for the Court to determine why the defendant's bond supervision should not be revoked.

This Petition is to be placed under seal until the defendant is served or appears in Court.

### ORDER OF COURT

Considered and ordered this the 22 day of December 2020, and ordered filed and made a part of the record in the above case.

*/s/ Cynthia Richardson Wyrick*
**The Honorable Cynthia Richardson Wyrick**
**United States Magistrate Judge**

I declare that under penalty of perjury that the foregoing is true and correct.

Respectfully,

*/s/ Katelyn R. Adams*
Katie R. Adams
United States Probation Officer

Approved by:

*/s/ Karrie L. Lasko*    12/22/2020
Karrie L. Lasko           Date
Supervising United States Probation Officer

KRA:glr

                           Place: Greeneville, Tennessee
                               Date: December 22, 2020